**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| PIC GROUP, INC. | CIVIL ACTION NO. 09-461 |
| VERSUS | JUDGE MELANÇON |
| LANDCOAST INSULATION, INC., ET AL | MAGISTRATE JUDGE METHVIN |

**MEMORANDUM RULING**

Before the Court are Landcoast Insulation, Inc.'s ("Landcoast") Motion to Dismiss Complaint or, alternatively, to Transfer Venue [Rec. Doc. 18] and Memorandum in Support thereof [Rec. Doc. 20]; Zurich American Insurance Company's ("Zurich") Motion to Dismiss Complaint or, alternatively, to Transfer Venue and Memorandum in Support thereof [Rec. Doc. 28]; PIC Group, Inc.'s ("PIC" or "plaintiff") Memorandum in Opposition to defendants' Motions [Rec. Doc. 33]; Landcoast's Response to plaintiff's Opposition [Rec. Doc. 37]; and plaintiff's Reply to Landcoast's Response [Rec. Doc. 40]. For the reasons that follow, the Court will **GRANT** defendants' Motions [Rec. Docs. 18 & 28].

**I. BACKGROUND**

Pursuant to a subcontract agreement entered into with PIC, on November 4, 2008 certain Landcoast employees were assembling and constructing scaffolding within the Unit 2 boiler at the Mississippi Power Plant Daniel in Jackson County, Mississippi. At approximately 5:50 a.m., the scaffolding system collapsed while seven workers were inside the boiler. As a result, one Landcoast employee died and the other six sustained injuries. On March 23, 2009, PIC filed this suit in this

district purportedly seeking a declaratory judgment, pursuant to 28 U.S.C. §2201, stating that Landcoast and Zurich owe PIC defense and indemnity in the suits stemming from the November 4 accident pursuant to the subcontract agreement and insurance contract. PIC also asserts negligence claims against Landcoast arising from the accident and names Zurich as a defendant to those claims citing the Louisiana Direct Action Statute, La. Rev. Stat. 22:1269.

Landcoast and Zurich (collectively, "defendants") filed Motions to Dismiss PIC's Complaint arguing the Western District of Louisiana is not the proper venue for this action. Alternatively, should the Court rule that this district is the proper venue, the defendants request a change of venue pursuant to 28 U.S.C. §1404(a). Plaintiff opposes defendants' Motions on the grounds that this district is the only proper venue as plaintiff could not proceed directly against Zurich in any other district and that this district is (1) where the policy of insurance was delivered and (2) Landcoast's principal place of business.

## II. DISCUSSION

Based on a review of the pleadings, the dispositive issue in this case is whether a claim made pursuant to the Louisiana Direct Action Statute, La. Rev. Stat. 22:1269, is sufficient to establish proper venue in a judicial district which would otherwise be improper. Plaintiff argues that venue is proper in this district pursuant

to 28 U.S.C. §1391(a)(2) and/or (a)(3).[1]  28 U.S.C. §1391(a) states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Although plaintiff argues that 1391(a)(2) provides a basis for venue in this case because the policy of insurance between Zurich and Landcoast may have been delivered here, this argument is disingenuous as the ". . . substantial part of the events or omissions giving rise to the claim" is not the delivery of the insurance contract but the accident which occurred in Mississippi.  Thus, 1391(a)(2) does not render venue proper in this district.  Accordingly, the only possible basis for venue in the Western District of Louisiana is 1391(a)(3).

It is undisputed that the defendants were, in fact, subject to personal jurisdiction in this district at the time the action was commenced.  What the Court must determine, then, is whether plaintiff's action could have been brought in another judicial district.  The sole reason plaintiff claims that its action could not be brought in another judicial district is its claim against Zurich under the Louisiana

---

[1] Despite plaintiff's claims that jurisdiction is conferred upon this Court by the basis of the Federal Declaratory Judgment statute and diversity of citizenship, it is well settled that the Federal Declaratory Judgment statute does not provide an independent basis for jurisdiction.  *See e.g. Jones v. Alexander*, 609 F.2d 778, 780-81 (5th Cir. 1980).  As such, 28 U.S.C. §1391(a) is the proper venue section as this matter is ". . . founded only on diversity of citizenship."

3

Direct Action Statute, La. Rev. Stat. 22:1269.[2] However, the Direct Action Statute ". . . does not create an independent cause of action against the insurer, it merely grants a procedural right of action against the insurer where the plaintiff has a substantive cause of action against the insured." *Shimon v. Sewerage & Water Board of New Orleans, et. al.,* 2007 WL 1322372 (E.D.La. 04/30/2007), *Lemelle, J.* (*citing Dumas v. United States Fidelity & Guaranty Co.*, 134 So.2d 45, 52 (La. 1961), *and Ruiz v. Clancy*, 162 So. 734, 738 (La. 1935)). Thus, plaintiff does not point to any substantive cause of action which cannot be brought in another judicial district.[3] Accordingly, as all of plaintiff's substantive causes of action could have been brought in another judicial district, 1391(a)(3) is inapplicable and venue is improper in this district.

### III. CONCLUSION

As the ". . . substantial part of the events or omissions giving rise to [this] claim" occurred in the Southern District of Mississippi and as the plaintiff has not asserted any substantive causes of action which could not be asserted in the Southern District of Mississippi, venue is improper in this district pursuant to 28 U.S.C. 1391(a). Accordingly, the Court will **GRANT** the defendants' Motions [Rec. Docs. 18 & 28] and, pursuant to 28 U.S.C. §1406, **TRANSFER** this case to the United States District Court for the Southern District of Mississippi.

---

[2] Plaintiff does not contest that its other claims could have been brought in another judicial district.

[3] It is worth noting that, if plaintiff cannot bring a direct action claim against Zurich in another judicial district, it may still proceed directly against the insured with whom the plaintiff entered into a contract.

4